UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

**Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [17]**

## I.    INTRODUCTION

Before the Court is a motion to remand brought by Plaintiffs Michael Karmon, Galid Rubin, and Adina Kraus ("Plaintiffs"). *See* Dkt. 17. The wrongful death asbestos exposure case was removed from the Los Angeles Superior Court by Defendants California Institute of Technology, Fisher Scientific Company LLC, and Metalclad Insulation LLC ("Defendants"). *See* Dkt. 1. Defendant Fisher Scientific also brings a motion to dismiss for lack of personal jurisdiction. Dkt. 7.

The question before the Court is whether Plaintiffs' waiver of claims arising out of asbestos exposure at a federal enclave—the National Institutes of Health ("NIH")—deprives the Court of federal question jurisdiction.[1] For the reasons stated below, the Court finds that it does. Plaintiffs' motion to remand is GRANTED.

## II.    FACTUAL BACKGROUND

Plaintiffs are successors-in-interest of Mrs. Judith Karmon, whose various exposures to asbestos are the basis of this wrongful death case. *See* Compl., Ex. A to Not. Removal, Dkt. 1-1. Mrs. Karmon passed away from mesothelioma on March 2, 2021. *See* Mot. at 5.

---

[1] Defendant California Institute of Technology initially pursued removal on the basis of federal officer jurisdiction but indicated in its opposition to the instant motion that it was withdrawing this claim. *See* Opp'n at 1, n. 1. The Court notes that it is well-established—and not disputed—that the NIH is a federal enclave. *See, e.g., Fuller-Deets v. Nat'l Insts. of Health*, Case No.: GJH-18-3175, 15 (D. Md. Jan. 14, 2020).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

Prior to her death, Mrs. Karmon filed a personal injury suit in Los Angeles County Superior Court. *See* Initial State Court Complaint, Ex. C to Not. Removal, Dkt. 1-3. Mrs. Karmon was deposed in connection with that suit. Declaration of John Heubeck ("Huebeck Decl.") ¶ 1, Dkt. 17-1.[2] She testified in a deposition that, in addition to other asbestos exposures throughout her life, she was exposed to asbestos during her work at the NIH. *See id.*; *see also* Deposition of Judith Karmon, Ex. D to Not. Removal, at 19:4–21, 148:11–18, Dkt. 1-4.

As in the current case, Defendants removed the suit to the Central District of California on the basis of federal enclave jurisdiction. *See Karmon v. 3M, Inc.*, Case No. 2:21-cv-02023-DSF-SK. Mrs. Karmon sought remand, but passed away before the motion was decided. *Id.* at Dkt. 13, 30. Mrs. Karmon's son Michael Karmon then sought dismissal—rather than substitution—so that he and the remaining plaintiffs could file a wrongful death suit. *See id.* The court dismissed the case on October 4, 2021. *Id.* at Dkt. 32.

Plaintiffs refiled the instant case in state court, and Defendants once again removed the case on the basis of federal enclave jurisdiction on November 12, 2021. Dkt. 1. However, in their complaint, Plaintiffs waived "any and all claims against defendants arising from or related to any incident, act or conduct arising out of or in connection with any federal enclave"—i.e., Mrs. Karmon's exposure to asbestos at the NIH. *See* Compl. ¶ 14; *see also* Declaration of Michael Eyerly ("Eyerly Decl.") ¶ 2, Dkt. 17-1; Plaintiffs' Waiver and Notice of Disclaimer of Claims, Dkt. 31-1.

Instead, Plaintiffs seek to pursue claims arising out of Mrs. Karmon's other exposures to asbestos, which occurred (1) when she was an assistant to her high school Chemistry teacher at Western High School; (2) when she was employed at a Canning Trade Association; and (3) when her husband Daniel Karmon, who worked around asbestos at the California Institute of Technology's Jet Propulsion Laboratory ("JPL") transported asbestos fiber and dust through his work clothes, boots, and tools. *See*

---

[2] Defendants also move to strike Mr. Heubeck's declaration. *See* Dkt. 25. Mr. Heubeck was the attorney who represented Mrs. Karmon during her prior deposition. Heubeck Decl. ¶ 1. In connection with the motion to remand, Mr. Heubeck analyzed her testimony and calculated how many times she estimated she was exposed to asbestos at each location. *Id.* at ¶¶ 4–7; *see e.g.,* Ex. B at 14:19–23 (asking Mrs. Karmon how often she used the product in high school and for what period of time, to which she responded "once or twice a week" for "about a year and a half."). Thus, based on Mr. Heubeck's simple arithmetic, Mrs. Karmon's exposure to asbestos at the NIH amounted to 1% of her estimated exposures. Heubeck Decl. ¶ 8. Defendants take issue with Mr. Heubeck's statement as to this estimation, arguing that it is impermissible expert testimony and must be stricken on that basis. However, the declaration does not present expert testimony; rather, it is "rationally based" on Mr. Heubeck's "perception" of Mrs. Karmon's deposition. *See* Fed. R. Evid. 701. Moreover, Mr. Heubeck's declaration is not critical to the Court's analysis of Plaintiffs' motion. Defendants' motion is therefore DENIED.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

Compl. ¶ 9, Mot. at 5. Defendant Fisher Scientific is alleged to have supplied the asbestos to which Mrs. Karmon was exposed. Compl. ¶ 10.

Defendants respond that Mrs. Karmon's exposure to asbestos at the NIH cannot be isolated from Mrs. Karmon's other exposures because each exposure contributed, in part, to Mrs. Karmon's death. Plaintiffs allege that "each of Defendants' asbestos and asbestos-containing products that entered her body was a substantial factor in bringing about, prolonging, and aggravating Decedent's injuries, and ultimately causing her death from mesothelioma, upon which Plaintiffs' claims are based." Compl. ¶ 12.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same) (internal quotation marks omitted).

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The artful pleading doctrine is a corollary of the well-pleaded complaint rule, and holds "a plaintiff may not defeat removal by omitting to plead necessary federal questions" of the purpose of avoiding federal jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

plaintiff cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Harper v. San Diego Transit Corp.*, 764 F.2d 663 (9th Cir. 1985).

Moreover, the Ninth Circuit has recognized that [f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *see* 28 U.S.C. § 1331. In such cases, "the jurisdiction of the federal court depends upon…the locus in which the claim arose." *Alvares v. Erickson,* 514 F.2d 156, 160 (9th Cir. 1975); *see In re High-Tech Emp. Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012); *Ballard v. Ameron Int'l Corp.*, No. 16-CV-06074-JSC, 2016 WL 6216194, at *3 (N.D. Cal. Oct. 25, 2016).

**IV.   DISCUSSION**

Plaintiffs' motion raises two questions as to the Court's federal question jurisdiction. First, the Court must decide whether Plaintiffs' disclaimer of claims arising from Mrs. Karmon's exposure to asbestos at the NIH is sufficient to deprive the Court of federal enclave jurisdiction. Second, the Court must determine the extent to which this exposure constitutes the "locus" of Plaintiffs' claim. Because the Court's analysis of the first question indicates that it is has no subject matter jurisdiction over the case, it need not resolve the second.

**A.   PLAINTIFFS' DISCLAIMER OF CLAIMS**

Defendants argue that Plaintiffs' complaint and disclaimer of claims arising from her asbestos exposure at the NIH runs afoul of the artful pleading doctrine. Specifically, Defendants assert that Plaintiffs' complaint attempts to plead around a claim that is "necessarily" federal, because Mrs. Karmon's asbestos exposure at the NIH contributed to her death. *See* Compl. ¶ 12.

The Court notes, at the outset, that both parties cite a number of cases considering removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), even though this case was removed under the general removal statute, 28 U.S.C. § 1441. *See* Not. Removal ¶ 12. However, "removal rights under section 1442 are much broader than those under section 1441." *See Durham*, 445 F.3d at 1252–53. Specifically, section 1441 requires that "any doubts as to the right of removal must be resolved in favor of remanding to state court," but jurisdiction under the federal officer removal statute is not to be interpreted "so strictly." *Id.* (describing extensively the important policy reasons underscoring the federal officer removal statute and the breadth with which it is to be interpreted);

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

*compare Abrego*, 443 F.3d at 684 ("The removing defendant bears the burden of establishing that removal is proper" under Section 1441) with *Durham*, 445 F.3d at 1252 ("[W]hen federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal.").

Accordingly, to the extent the federal officer removal cases cited stand for a similar proposition as to the validity of a waiver of federal claims, however, the Court considers them herein. But because the rationales, presumptions, and burdens in federal enclave versus federal officer removal cases are quite different, the Court cannot consider the two types of cases interchangeably.

Defendants primarily rely on *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315 (N.D. Ala. 2010). The decedent, Charles Corley, testified at a deposition that he was exposed to asbestos-containing products at several naval shipyards. *Id.* at 1322. In large part, the court focused on questions different from those at issue here: first, whether the shipyards were federal enclaves and second, whether the ships on which Corley worked could be deemed federal enclaves if the ships were only temporarily docked at the shipyards. *See id.* at 1323–24.

A subsequent portion of the decision, however, stated that even though the plaintiffs' complaint disavowed any federal claims, such artful pleading was insufficient to "avoid federal [enclave] jurisdiction." *Id.* at 1329. Defendants' opposition relies almost entirely on this holding.

The *Corley* decision does not give much insight into its reasoning, however. First, it stated that "Mr. Corley's exposure was ongoing over a period of years," suggesting that the court could not separate Mr. Corley's enclave versus non-enclave exposures. *Id.* Other cases lend some support to this type of analysis. *See e.g., Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 713 (E.D. Tex. 1998) ("[S]ince Plaintiffs did not and could not separate the periods of exposure between 1944 through 1955, and 1955 through 1979, [the earlier of which occurred when the property was under government control, and therefore a federal enclave], jurisdiction in federal court properly exists for claims arising from the entire period.")

Second, *Corley* stated that "[s]everal other courts which have considered this issue have found precisely such a disclaimer ineffective." *Id.* at 1329. Having reviewed those cases—which exclusively considered whether defendants could assert federal defenses under the federal officer removal statute, rather than federal enclave jurisdiction—the Court is not persuaded that *Corley's* rationale is applicable here. *See Holdren v. Buffalo Pumps, Inc.*, 614 F. Supp. 2d 129, 150 (D. Mass. 2009) (declining to address whether a disclaimer defeats federal officer removal under 28 U.S.C. § 1442); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 54 n. 6 (D. Mass. 2008)

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

(finding that a general waiver of claims was insufficient to prevent removal based on defendants' ability to raise "colorable federal defenses" pursuant to the 28 U.S.C. § 1442 federal officer removal statute); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 103 n. 1 (D. Conn. 2007) (same).

Most critically, in relying on these cases, the *Corley* court did not recognize any difference between federal enclave and federal officer removal. In doing so, it failed to consider the various interests at stake and applicable burdens when evaluating removal under the two different statutes.

Thus, the Court finds the reasoning in *Corley* unpersuasive here. It is the only somewhat-pertinent case cited by Defendants, but ultimately does not indicate that Plaintiffs' argument has been "squarely rejected," as Defendants claim in their opposition. *See* Opp'n at 1.[3]

Plaintiffs respond by referring to a later case, *Batchelor*, which held that a waiver of claims was sufficient to deny federal jurisdiction under the federal officer removal statute. *Batchelor v. American Optical Corp.*, 185 F. Supp. 3d 1358, 1363 (S.D. Fla. 2016). The plaintiff disclaimed any claims arising from his exposure to asbestos while in the United States Navy, in which he served for a distinct four-year period. *Id.* The defendant argued, in response, that removal was proper because it could assert a colorable federal defense to the plaintiff's claims. *Id.* The court found that such a defense would "pertain[] to claims that simply do not exist," and remanded the case accordingly. *Id.* at 1364–65 (internal citation and quotations omitted).

The *Batchelor* decision relied on a distinction between waivers that "generally purported to waive *all* federal claims based on boilerplate language" and those that "expressly disclaim[ed] the claims upon which federal officer removal was based." *See id.* at 1363. This distinction appears to

---

[3] Defendants and the *Corley* case also cite *Fung*, where a decedent's exposure to asbestos at several naval facilities permitted removal pursuant to both federal enclave jurisdiction and federal officer jurisdiction. *See Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992). However, *Fung* is not particularly relevant because the plaintiffs there did not attempt to waive claims; rather, the complaint did not say that the naval facilities where the exposures occurred were federal enclaves. *Id.* Unlike Plaintiffs here, who waive any claims arising out of Mrs. Karmon's NIH exposure, the *Fung* plaintiffs' claims were specifically based on those exposures. *See id.* Another case cited by Defendants, *Caliliw*, is also inapposite: the plaintiff there attempted to affirmatively establish federal enclave jurisdiction, the opposite of the question here. *Caliliw v. Bd.*, No. CV1110708GAFJEMX, 2012 WL 13202596, at *8 (C.D. Cal. Mar. 30, 2012). And *Crossland*, which dealt with the timeliness of removability under the federal officer removal statute—again presents a different question than the one presented herein. *See Crossland v. Huntington Ingalls Inc.*, No. CV 20-3470, 2021 WL 792708, at *2 (E.D. La. Mar. 2, 2021).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

rest on a difference between a plaintiff's general attempt to plead his way out of federal jurisdiction and a more specific decision to "renounce[]" a certain claim. *See id.* at 1363–64 (collecting cases).

Here, Plaintiffs' complaint contains general language about waiving "any and all claims for damages against Defendants…relating to or arising from Decedent's exposure to asbestos…on a federal enclave." Compl. ¶ 14. Plaintiffs also filed a separate waiver, which stated, "Plaintiffs relinquish all claims that are based upon exposures to asbestos or asbestos-containing products manufactured, sold or distributed by Fisher Scientific Company, LLC…that occurred at the [NIH] between December of 1966 and August of 1967." *See* Plaintiffs' Waiver and Notice of Disclaimer of Claims ¶ 2, Dkt. 31-1.

Like in *Corley*, where "plaintiffs claim[ed] that 'each and every exposure to asbestos and asbestos-containing materials contributed' to [Corley's] mesothelioma," Plaintiffs' complaint alleges that "each of Defendants' asbestos and asbestos-containing products that entered her body was a substantial factor in bringing about, prolonging, and aggravating Decedent's injuries, and ultimately causing her death from mesothelioma, upon which Plaintiffs' claims are based." Compl. ¶ 12; *see Corley*, 688 F. Supp. 2d at 1322. In contrast to *Corley*, however, and more similar to *Batchelor*, Mrs. Karmon's exposure at the NIH was limited to a discrete, severable, period of time.[4] Further, Plaintiffs explicitly waive the NIH exposure and any claims arising from it—generally in the complaint, and more specifically in their subsequently-filed waiver.

Ultimately, it is Defendants' burden to establish that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts are courts of limited jurisdiction, *see Kokkonen*, 511 U.S. at 377, and the removal statute is strictly construed. *See Durham*, 445 F.3d at 1252–53. As a result, the Court cannot find that Plaintiffs' complaint amounts to "artful pleading."

---

[4] Defendants do not argue that, as a substantive matter, Mrs. Karmon's exposure at the NIH is necessarily intertwined with her other exposures. Rather, Defendants only refer to Plaintiffs' complaint, which stated that each asbestos exposure was "a substantial factor in…causing her death from mesothelioma…" Opp'n at 3. However, Plaintiffs' complaint and subsequent waiver specifically excludes Mrs. Karmon's exposure at the NIH. On its face, this does not run counter to the substantive law of asbestos exposure, which requires, first, that the plaintiff "establish some threshold exposure to the defendant's defective asbestos-containing products," and second, establish to a "reasonable medical probability that a particular exposure or series of exposures was a 'legal cause' of his injury, i.e., a substantial factor in bringing about the injury." *Rutherford v. Owens–Illinois, Inc.*, 16 Cal. 4th 953, 968, 982 (1997). At trial, a jury would only evaluate the impact of Mrs. Karmon's non-NIH exposures and determine if it was a substantial factor in her death. Given that Mrs. Karmon's own testimony about her NIH exposure suggests it was more limited than other exposures—rendering it a more difficult claim to prove as a substantive matter—it is reasonable that Plaintiffs do not wish to pursue a claim for her NIH exposure. Defendants' arguments are therefore unavailing.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08910-SVW-MRW | Date | January 10, 2022 |
|---|---|---|---|
| Title | *Karmon et al. v. California Institute of Technology et al.* | | |

    This is not a case where the plaintiffs omitted federal claims from their complaint to "sidestep federal jurisdiction." *See* Opp'n at 5 (citing *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015) (holding that federal question jurisdiction exists when the facts alleged in the complaint implicated a federal cause of action and plaintiff carefully crafted her complaint to avoid federal jurisdiction); *see also Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271–72 (2d Cir. 2005) ("Faced with such an artfully (i.e., misleadingly) pleaded complaint, the federal court may construe the complaint as if it raised the federal claim that actually underlies the plaintiff's suit"). Rather, Plaintiffs simply chose to assert a state law claim rather than a federal claim, which is well within their rights as plaintiffs. *See Caterpillar*, 482 U.S. at 392; *see also* 14C Wright & Miller, *Federal Practice and Procedure* § 3722 (Rev. 4th ed.) ("[T]here must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, properly analyzed, arises only under state law."); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996) (finding that even though complaint invoked Title VII, the claim could be supported by independent state theory and thus, federal law was nonessential and case had to be remanded).

    Ultimately, Defendants cite no relevant authority to suggest that Plaintiffs must litigate the case in federal court. As a practical matter, Plaintiffs' complaint and waiver of claims indicate that Mrs. Karmon's exposure to asbestos at the NIH would not arise if this case were litigated in this Court. Plaintiffs would not argue that the NIH exposure was a substantial factor in Mrs. Karmon's harm. This would deprive the Court of any subject matter jurisdiction, which would require subsequent remand. *See* 28 U.S.C. § 1447(c). For these reasons, the Court concludes that Defendants have failed to meet their burden in establishing their right to remove the case. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("[T]he removal statute is strictly construed against removal jurisdiction.").

**V.    CONCLUSION**

    The Court finds that Plaintiffs' waiver of claims arising from Mrs. Karmon's exposure to asbestos at the NIH deprives the Court of federal question jurisdiction. Plaintiffs' motion to remand is accordingly GRANTED. The Court is without jurisdiction to consider Fisher's motion to dismiss for lack of personal jurisdiction.

    IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |